**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2107-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ADONTI CRONE, a/k/a
ABONTI T. CRONE,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided August 28, 2025

Before Judges Bishop-Thompson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 21-11-2872.

Wayne Powell, attorney for appellant.

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Adonti Crone appeals from the October 31, 2023 order, denying his motion to withdraw his guilty plea. We affirm.

I.

We summarize the relevant facts from the record. On September 10, 2021, under Accusation No. 21-11-02872, defendant was charged with second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b)(1), and drug-related charges.

On November 12, 2021, defendant waived his right to indictment by a grand jury and pleaded guilty to second-degree certain persons not to have a weapon. In exchange for the plea agreement, the State agreed to dismiss the underlying warrant and remaining charges and recommend the maximum sentence of ten-year prison term with a five-year parole ineligibility period.

Prior to entering his guilty plea, defendant testified that he reviewed the plea agreement with his attorney, understood its terms, was satisfied with his attorney's services, and entered his guilty plea freely and voluntarily. At his plea allocution, defendant admitted that on September 10, 2021, he possessed a handgun despite having a prior conviction. He also admitted that he knew this prior conviction made him a certain person prohibited from having a handgun. Satisfied defendant entered his plea knowingly and voluntarily, the judge ordered defendant's release pending his sentence.

2

On the same day he entered his plea, defendant signed a seven-page cooperation agreement with the State pursuant to State v. Gerns, 145 N.J. 216 (1996) (the Gerns Agreement). This agreement provided for potential reduction of defendant's overall sentence should his cooperation prove "productive and of substantial value," and required that he not commit any new offenses.

On April 23, 2022, while released, defendant was charged with second- and third-degree aggravated assault arising from a domestic violence incident in Camden, and therefore, was no longer able to meet his obligations under the Gerns Agreement.

In March 2023, approximately sixteen months after entering his guilty plea and nearly a year after his re-arrest, defendant moved to withdraw his guilty plea under State v. Slater, 198 N.J. 145 (2009). Defendant contended he was "not guilty of the crimes charged" and wanted to proceed to trial. In defendant's supporting certification, he asserted that he pleaded guilty because of his criminal record and a conversation he had with an inmate-paralegal, who told defendant that the evidence against him was "overwhelming." Defendant chose to disregard his plea counsel's advice not to plead guilty and instead accepted the State's plea offer.

On October 31, 2023, Judge David M. Ragonese entered an order denying defendant's motion to withdraw his guilty plea. In his accompanying

comprehensive written opinion, Judge Ragonese evaluated the Slater factors. First, the judge found defendant failed to assert a colorable claim of innocence, finding defendant's plea allocution was inconsistent with his certification filed in support of his motion, and the sixteen-month delay in filing the motion further undermined defendant's position. Second, as to the nature and strength of his reasons for withdrawal, the judge determined that defendant's reliance on the advice of the inmate-paralegal did not "credibly demonstrate" a valid reason to withdraw his plea. Third, the judge acknowledged that defendant's negotiated plea did not favor withdrawal. Finally, the judge concluded that there was no unfair prejudice to the State nor an unfair advantage to defendant.

In accordance with his negotiated plea agreement, on February 6, 2024, defendant was sentenced to ten years in prison with five years of parole ineligibility. The remaining charges were dismissed.

## II.

On appeal, defendant presents the following arguments for our consideration:

> POINT – I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
>
> (a) The court failed to assure that [d]efendant was aware of the penal consequences of the plea.

(b)  The [m]otion comported in all respects with the requirements established in State v. Slater.

We disagree with these arguments.  Upon review of the record, we conclude the judge properly denied defendant's motion to withdraw his guilty plea, and we affirm for the reasons detailed in his well-reasoned opinion.  We provide the following comments to amplify our decision.

We evaluate the four Slater factors in assessing whether a defendant has demonstrated a valid basis for withdrawing a guilty plea.  Slater, 198 N.J. at 157-58.  Those factors are "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of [the] defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused."

[State v. Munroe, 210 N.J. 429, 442 (2012) (quoting Slater, 198 N.J. at 157-58).]

We review a trial court's Slater analysis under an abuse of discretion standard "because the trial court is making qualitative assessments about the nature of a defendant's reasons for moving to withdraw his plea and the strength of his case and because the court is sometimes making credibility determinations about witness testimony."  State v. Tate, 220 N.J. 393, 404 (2015).  A motion to withdraw a plea made before sentencing is governed by the "interests of justice" standard in Rule 3:9-3(e).  Slater, 198 N.J. at 156.  Defendant bears the burden

A-2107-23

"to present some plausible basis for his request, and [to demonstrate] his good faith in asserting a defense on the merits." Ibid. (quoting State v. Smullen, 118 N.J. 408, 416 (1990)).

Based on the judge's extensive factual findings, we hold defendant failed to establish an abuse of discretion even under the more liberal interest of justice standard. As to the first factor, defendant has not asserted a colorable claim of innocence. "A colorable claim of innocence is one that rests on 'particular, plausible facts' that, if proven in court, would lead a reasonable factfinder to determine the claim is meritorious." Munroe, 210 N.J. at 442 (quoting Slater, 198 N.J. at 159).

In weighing such motions, trial courts must bear in mind that "[a] bare assertion of innocence is insufficient to justify withdrawal of a plea." Slater, 198 N.J. at 158. Here, defendant's affidavit contained only a conclusory claim that he was "not guilty of the crimes charged," with no supporting facts. The judge concluded defendant's certification directly contradicted his plea allocution, during which he admitted that he was prohibited from possessing a firearm based on a prior criminal conviction. We discern no basis to disturb that finding.

Concerning the second factor, the judge again cited to the plea hearing transcript, which demonstrated that defendant was not "misinformed" or that he

A-2107-23

did not understand the terms and consequences of his guilty plea. In fact, defendant testified that he knew the maximum penalty was ten years and subject to a five-year parole ineligibility. Lastly, defendant contended that, after pleading guilty, he learned from the inmate-paralegal that the advice he received—the evidence was "overwhelming"—was incorrect.

Defendant's reliance on the incorrect advice of an inmate-paralegal is not a valid defense nor a credible explanation for "why a defense was 'forgotten or missed' at the time of the plea." State v. McDonald, 211 N.J. 4, 23 (2012) (quoting Slater, 198 N.J. at 160). Based on our review of the plea transcript, the judge's findings were amply supported by the record.

Concerning the third Slater factor, the judge found defendant had negotiated his plea, and we agree this factor weighed against defendant and favored denial of the motion. Lastly, as to the fourth factor, neither party argues against Judge Ragonese's finding that the factor was neutral because there was no unfair prejudice to the State or unfair advantage to defendant.

Defendant further argues that his motion to withdraw his guilty plea was improperly denied because the plea judge was unaware of the Gerns Agreement, and therefore, could not assess defendant's understanding of the penalty consequences of entering into a collateral agreement. Defendant contends the absence of such an inquiry rendered the Gerns Agreement a nullity and

defendant's guilty plea was not entered in compliance with Rule 3:9-2. Lastly, defendant argues the judge improperly considered the Gerns Agreement in deciding defendant's motion to withdraw his guilty plea. We are not persuaded by defendant's arguments.

Defendant was represented by counsel at the plea hearing and when he entered the Gerns Agreement. Defendant was fully aware that a reduction of his overall ten-year sentence was conditioned on whether defendant's cooperation was productive and of substantial value. The plea transcript demonstrates that defendant acknowledged he understood the penal consequences of his guilty plea; he did not seek clarification of his plea, the Gerns Agreement, or asked questions about the consequences of violating the agreement.

Having reviewed the record, we conclude Judge Ragonese properly exercised his discretion in denying defendant's motion to withdraw his guilty plea. To the extent we have not specifically addressed any of defendant's arguments, it is because we conclude they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division